UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CR-20135-RUIZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICARDO DOS ANJOS GOMES,

    Defendant.

_____/

### RESPONSE TO GOVERNMENT'S MOTION IN LIMINE

Ricardo Gomes, through counsel, responds to the government's motion in limine. (DE 35).

1. <u>Mr. Gomes is not required to provide evidence of a possible defense **before** the trial begins</u>

Self-defense is a defense to 18 U.S.C. § 111. It is included in the pattern jury instruction for the offense itself, O1.2:

> [But you can't find that a forcible assault occurred if you believe that the Defendant acted only on a reasonable good-faith belief that self-defense was necessary to protect against an assault by a private citizen, and you have a reasonable doubt that the Defendant knew that the victim was a Federal officer.]

1

Self-defense is ***different from*** the defense of duress and necessity. Mr. Gomes does ***not*** intend to present the defense of duress and necessity. Accordingly, the government's cases that discuss duress and necessity are not relevant here. Indeed, in the government's cases that discuss this defense—*Deleveaux*, *Montgomery*, *Rice*, *Harmon*, and *Bailey*—the defendant was charged with either possession of a firearm by a convicted felon, depredation of United States Army Property, or escape from federal custody. Only two of these cases even ***mention*** a defendant needing to proffer or produce evidence of duress or necessity: *United States v. Montgomery*, 772 F.2d 733, 736 (11th Cir. 1985) and *United States v. Bailey*, 444 U.S. 394, 412 (1980). But notably (1) these comments were specific to the crimes charged, depredation of United States Army Property (*Montgomery*) and escape from federal custody (*Bailey*) and specific to the defenses of duress and necessity and (2) whether a pre-trial proffer is required was not an issue raised on appeal, so these comments were not the holding in either case; they were dicta.

The government's cases that discuss 18 U.S.C. § 111 and self-defense do ***not*** hold that a defendant is required to make a proffer or present evidence of self-defense before the trial begins. This Court should not require Mr. Gomes to do so. Instead, if either party requests a jury instruction at the charge conference—including a self-defense instruction—this Court can determine if the instruction is appropriate based on the evidence admitted at trial.

The government cites two Eleventh Circuit cases where the defendant was charged with 18 U.S.C. § 111: *United States v. Middleton*, 690 F.2d 820 (11th Cir.

2

1982) and *United States v. Suddith*, 635 Fed.App'x. 678 (11th Cir. 2015). In *Middleton*, the defendant requested a self-defense instruction. *Middleton*, 690 F.2d 820, 826. The Eleventh Circuit explained that "so long as there is some evidence relevant to the issue or the defense asserted, a trial court must instruct the jury regarding this issue and cannot determine the existence of such a defense as a matter of law." *Id.* citing *United States v. Garcia*, 452 F.2d 419 (5th Cir. 1971*); Tatum v. United States*, 88 U.S. App. D.C. 386, 190 F.2d 612 (1951). "Generally, self-defense is a defense which justifies the use of a reasonable amount force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *Middleton*, 690 F.2d 820, 826 (citation omitted).

However, the Eleventh Circuit held that in Middleton's case, the facts did not support the self-defense instruction. This was because (1) the government witnesses testified that the defendant "ran from the customs enclosure and when apprehended continually fought off the officers" and (2) the defendant did ***not*** testify that he had been assaulted by the officers, only that he ran away from the customs enclosure. *Middleton*, 690 F.2d 820, 826. On this record—from the testimony at trial—the district court did not err by refusing to give the self-defense instruction. *Id.*

*Middleton* does not discuss a pre-trial proffer at all. Instead, *Middleton* affirms that self-defense is a defense to 18 U.S.C. § 111, and that the court must give the instruction if there is some evidence of the defense presented at trial.

3

In *Suddith*, at the charge conference, the defendant requested a theory of defense instruction relating to the officer's alleged use of excessive force. *Suddith*, Fed.App'x. 678 at 679. The district court refused to give the instruction. *Id*. Instead, the court instructed the jury that "any force used by a federal officer must be reasonable, given all the surrounding circumstances confronting the federal security officer." *Id*.

The Eleventh Circuit re-affirmed that a defendant charged with 18 U.S.C. § 111 may assert, as an affirmative defense, a theory of self-defense. *Id*. at 681. However, the district court did not err in refusing to give Suddith's specific instruction because it did not include language regarding two requirements: (1) that the defendant reasonably believed he was in "immediate danger of bodily harm" and (2) that the defendant's use of force was "necessary to avoid the danger." *Id*. quoting *Middleton*, 690 F.2d at 826.

Like *Middleton*, *Suddith* does not discuss any pre-trial proffer or evidence presentation. Instead, the district court considered the proposed jury instruction at the charge conference based on the evidence presented at trial. *Suddith*, 635 Fed.App'x. 678, 680.

The government also cites two out of circuit cases where the defendant was charged with 18 U.S.C. § 111: *United States v. Jones*, 254 Fed.App'x. 711 (10th Cir. 2007) and *United States v. Waldman*, 835 F.3d 751 (7th Cir. 2016). Neither case discusses a pre-trial proffer or presentation of evidence before trial.

4

In *Jones*, the district court gave a self-defense instruction with language that the defendant can use self-defense when an officer's excessive force "causes or threatens to cause ***serious bodily injury*** to the inmate." *Jones*, 254 Fed.Appx. 711, 716 (emphasis in original). The Tenth Circuit found no error in the district court's instruction and explained that limiting self-defense to 18 U.S.C. § 111 to "situations where the inmate reasonably fears serious bodily harm or death is a pragmatic approach to balancing the purpose of § 111 with the rights of inmates." *Id.* at 723.

In *Waldman*, the Seventh Circuit held the opposite. At a bench trial, the district court held that to establish self-defense, an inmate must face imminent threat of death or serious bodily injury. *Waldman*, 835 F.3d 751, 753. Although the Seventh Circuit affirmed the district court's verdict, the Seventh Circuit explained that "unlike the defenses of duress or necessity, fearing death or serious bodily harm is not required to make out a claim of self-defense." *Id.* at 754.

Finally, although not cited by the government, *United States v. Gutierrez*, 745 F.3d 463 (11th Cir. 2014) is instructive here. Again, this case does not address any pre-trial proceeding. But the case is noteworthy because the defendant was charged with 18 U.S.C. § 111, and at the charge conference, the ***government*** requested a self-defense instruction. *Gutierrez*, 745 F.3d 463, 469. The government's proposed instruction stated that "the jury cannot find the defendant guilty if it concluded that the defendant acted only in a reasonable good-faith belief that self-defense was necessary to protect against an assault by a private citizen, and the jury has a reasonable doubt that the defendant knew that the victim was a Federal Officer." *Id.*

5

None of the government's cases that address 18 U.S.C. § 111 hold that a district court must require a defendant to proffer or produce evidence of self-defense before trial. Indeed, none of those cases even discuss any type pre-trial proceeding. There is no need for this Court to require that Mr. Gomes proffer or present evidence of a possible defense. In other words, the government's request is pre-mature. This Court can consider a proposed self-defense instruction at the charge conference based on the evidence admitted at trial.

2.  Conditions of confinement at Krome generally and allegations of excessive force apart from the day of the incident

At this time, the defense agrees that this information is not relevant. The defense only notes that this could become relevant depending on argument made or evidence admitted at trial. In other words, a ruling on this issue pre-trial is pre-mature and not necessary.

3.  Mr. Gomes' physical condition resulting from the incident

Evidence of Mr. Gomes' injuries resulting from the incident is relevant. The government intends to introduce evidence of Mr. Gomes' injuries through photographs and ***some*** medical records. Thus, the government concedes that Mr. Gomes' injuries due to the incident are relevant. But the government seeks to exclude other medical records regarding Mr. Gomes' injuries due to the incident. While either party is free to argue whether the medical records are reliable, admitting some records but not others would compromise Mr. Gomes' right to a fair trial and give the jury an incomplete picture of Mr. Gomes' injuries. *See* Federal Rule of Evidence 106.

Respectfully submitted,

**HECTOR DOPICO**
**IFEDERAL PUBLIC DEFENDER**

By: */s/ Ashley Kay*
      Ashley Devon Kay
      Assistant Federal Public Defender
      Florida Bar No. 78991
      150 West Flagler Street, Suite 1700
      Miami, Florida 33130-1556
      ashley_kay@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on October 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            */s/Ashley Kay*